UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELVIS SUGAR PRESLEY aka EDWARD CURTIS,

                Plaintiff,

        v.                                      5:08-CV-1004
                                                  (DNH/GHL)

EDUCATION SCHOOL BOARD,

                Defendant.

APPEARANCES

ELVIS SUGAR PRESLEY aka EDWARD CURTIS
83A2337
Plaintiff *pro se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

      The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by Plaintiff, together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 2.)

      The complaint names as defendants the "Education School Board" and "E7, Third Party Defendant." It alleges that in "1982/83" at "State Prison/Correctional Fac"

> tha teachers of all or most of tha schools and hear at Auburn State Prison, (a) say, that they can not find my high school of ecuimnomists, graduate paper work ... school schemes of this kind is not allowed. an negligently drove or 3rd grade of ecuimnomists on my high school files Plaintiff against tha teachers am schools that's holding back on don Elvis Sugar Presley 83a 2337, aka Edward Curtis. As a result, tha plaintiff was physically injured, lost wages or incum, suffered physical and mental pain, and incurred medical expenses of $5 billion. Therefore, tha plaintiff demands judgment against tha defendant for $5 billion.

(Dkt. No. 1 at 2.)

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Here, the complaint is frivolous. Therefore, the pleading, as presented to this Court, cannot be supported by an arguable basis in law and should be dismissed pursuant to 28 U.S.C. § 1915(e).

Even if the complaint were not frivolous, Plaintiff would not be entitled to proceed *in forma pauperis* on the basis of the application currently before the Court. Paragraph 4 of the application alleges that Plaintiff has "100,000 in my personal account." If this indicates that Plaintiff has $100,000,

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

he can certainly afford to pay the filing fee. In addition, Plaintiff, a state prisoner, has not attached a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in his institutional accounts.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in forma pauperis* application (Dkt. No. 2.) is **DENIED WITHOUT PREJUDICE**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be dismissed as frivolous; and it is further

**RECOMMENDED**, that Plaintiff may file an amended Complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation. Any amended Complaint, **which shall supersede and replace in its entirety Plaintiff's original Complaint**, must allege claims of misconduct or wrongdoing against the Defendant which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended Complaint, the Clerk shall enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that upon the filing of Plaintiff's amended Complaint, the file in this matter be returned to the Court for further review; and it is further

**ORDERED**, that the Clerk serve a copy of this Order and Report and Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 26, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge